IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAURA ANN FERNICOLA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Civil Action No. 14-cv-04816 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's appeal of the Commissioner of the Social Security Administration's final decision denying an application for Disability Insurance Benefits.

On October 4, 2013, Plaintiff, Laura Fernicola, was determined to be eligible for Supplemental Security Income. So, the matter before the Court is an appeal of the Administrative Law Judge's ("ALJ") decision denying disability insurance benefits for the period between the date of her alleged disability (July 1, 2008) and the date on which she was last insured (DLI) (March 31, 2011).

At the October 2, 2013 hearing, Plaintiff was determined to have two severe impairments – depression and osteoarthritis in her wrists[1], in addition to degenerate disc disease . Plaintiff's counsel asserts that the ALJ should have related her depression back to the alleged period of disability. However, the ALJ found there was a lack of evidence to find the depression was severe during that time period. Fernicola's trial attorney (Mr. Purrazella) asserted that Ms. Fernicola suffered with exertional and non-exertional impairments, including (1) degenerative

---

[1] With regard to the arthritis in the wrists, this issues was not argued as an impairment at the hearing before ALJ Barrett, and it was not emphasized during the appeal. ALJ Barrett found: "She was diagnosed with osteoarthritis in her wrists (Exhibit 24F). This was in February of 2014 several years after her date last insured. There is no evidence that she was suffering limitations during the period prior to the date last insured and is, therefore, a non-severe impairments." R. 12

disc disease; (2) degenerative arthritis of the spine (3) herniated disc in neck and lumbar spine; (4) cystic structures in the left knee; (5) lupus[2]; and (6) depression and anxiety (R. 30, 7-16).

## I.

With regard to depression, the Plaintiff asserts that that ALJ erred by not considering depression as severe during the period of alleged disability. Plaintiff argues that the ALJ was obliged to combine the depression with the other severe impairments, and to include the combination of impairments and pain to determine whether Plaintiff is disabled. The ALJ found otherwise:

> The claimant's medically determinable mental impairment of depression, considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and were, therefore, non-severe.
>
> In making this finding, the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.
>
> The first functional area is activities of daily living. In this area, the claimant had no limitation Examination notes from 2013 show the claimant lives with her husband and daughter and a typical day is spent going to doctors, therapists, doing homework with her daughter and attending her daughters' activities. The objective evidence does not support any limitations with activities of daily living prior to the date last insured.
>
> The next functional area is social functioning. In this area, the claimant had no limitation. The claimant reported difficulty with family relationships (Exhibit 9F, page 1 ). Treatment notes show that on examination the claimant is oriented to person, place and time with intact short-term memory and long-term memory as well as cognitive functioning, judgment and insight (Exhibit9F, page 2).
>
> The third functional area is concentration, persistence or pace. In this area, the claimant had mild limitation. She underwent a psychiatric examination in October of 2012 and was diagnosed with

---

[2]    The lupus was first disclosed at the time of the hearing; it was not an issue presented at this appeal.

Generalized Anxiety Disorder and a GAF of 60 (Exhibit 9F, page 3). She reported previously being prescribed Zoloft but is not interested in medication (Exhibit SF, page 13). The evidence does not show objective limitations prior to the date last insured. Even in October of 2012, over one year after the date last insured she was showing, at most, mild limitations.

The fourth functional area is episodes of decompensation. In this area, the claimant had experienced no episodes of decompensation, which have been of extended duration. She was hospitalized on July 14, 2011 secondary to an overdose of medication and suicidal ideation (Exhibit 4F, page 2). However, there is no evidence that this episode of decompensation lasted for an extended period or that this is one of multiple episodes. Because the claimant's medically determinable mental impairments caused no more than "mild" limitation in any of the first three functional areas and "no" episodes of decompensation which have been of extended duration in the fourth area, they were non severe (20 CFR 404.1520a(d)(1)).

From reviewing the record, there is substantial evidence to support the ALJ's conclusion. During the period of alleged disability. Fernicola was not hospitalized for mental health reasons, had no psychiatric treatment, and no episodes of decompensation. There is also other evidence or statements in support of the ALJ's decision. They are (1) Plaintiff's attorney indicated that the earliest psychiatric treatment was in 2012 (R. 57, 19-24); (2) Plaintiff advised Dr. Coffey that she had stopped working in 2008 "because of the economy" rather than some medical reason such as depression (R. 364); (3) Plaintiff's application for reconsideration of her initial denial indicated that her condition "changed" because she had become "more depressed . . . more angry, and I sleep a lot more"; and (4) Dr. Coffey's report provides no statement that her condition can be related back to the time period of alleged disability.

Based on the lack of treatment during period of alleged disability, plus the lack of support to retroactively apply Dr. Coffey's report, and the Plaintiff's statements in her reconsideration, the ALJ had substantial evidence upon which to find that Plaintiff had no severe psychiatric injury within the period of alleged disability.

II.

Plaintiff argues that the ALJ did not combine and compare all of the effects of Plaintiff's impairments at step 3 of the sequential process. That is, combining depression with disc disease and arthritis. See, *Torres v. Commissioner of Social Security*, 279 Fed. App'x 149 (3d Cir. 2008). *Torres* requires the ALJ to consider the medical impairments and compare them to Appendix 1 Listings. In addition, the ALJ "must set forth the reasons for his decision." *Id.* at 152. In this case, the ALJ followed *Torres*. The ALJ set forth why the depression was not severe during the period of the alleged disability, and as such, did not combine it with other impairments. He found there was a lack of treatment, no hospitalizations and no period of decompensation. In addition, the ALJ, relying on Dr. Chopra's report, found that there was insufficient evidence to find that Coffey's report related back to the period of disability. (R. 117).

III.

The Plaintiff also argues that the matter should be remanded "to include expert testimony from a psychiatric medical advisor of the Commissioner's choosing." This argument lacks merit. The Plaintiff bears the burden of proof at Steps 1 through 4. Here Plaintiff seeks to shift the burden of proof to the Commissioner by having the ALJ obtain expert evidence. See *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

This is the problem with the entire case. Plaintiff failed to meet her burden to "present medical findings equal in severity to all the criteria" of a listed impairment, *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). The Plaintiff is now attempting to shift the burden of proof.

The ALJ followed the five step sequential process for determining disability, and there is no reason to discuss that process herein. Generally, review of the Commissioner's final decision is limited to determining whether the findings and decision are supported by substantial evidence in the record. See *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000); *Hartranft v. Apfel*, 181

F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. §405(g). The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. 42 U.S.C. S 405(g); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft*, 181 F.3d at 360 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation omitted)); see *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is less than a preponderance of the evidence, but more than a mere scintilla. *Richardson*, 402 U.S. at 401; *Morales*, 225 F.3d at 316; *Plummer*, 186 F.3d at 422. Likewise, the ALJ's decision is not supported by substantial evidence where there is "competent evidence" to support the alternative and the ALJ does not "explicitly explain all the evidence" or "adequately explain his reasons for rejecting or discrediting competent evidence." *Sykes v. Apfel*, 228 F.3d 259, 266 n.9 The reviewing court must view the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence - - particularly certain types of evidence (e.g., that offered by treating physicians) - - or if it really constitutes not evidence but mere conclusion. *Morales*, 225 F.3d at 316 (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir.1983)); *Benton v. Bowen*, 820 F.2d 85, 88 (3d Cir. 1987). Nevertheless, the district court's review is deferential to the ALJ's factual determinations. *Williams v. Sec'y of Health and Human Servs.*, 970 F.2d 1178, 1182 (3d Cir. 1992) (en banc) (stating that the district court is not "empowered to weigh the evidence or substitute its conclusions for those of the factfinder."). A reviewing court will not set a Commissioner's decision aside even if it "would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360. But despite the deference due the Commissioner, "appellate courts retain a responsibility to scrutinize the entire record and to

reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence." *Morales*, 225 F.3d at 316 (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)).

In this case, the ALJ relied on the substantial evidence in the record in making his determination that Plaintiff was not disabled during the relevant time period. As such, Plaintiff's appeal is denied.

## ORDER

This matter having come before the Court on Plaintiff's appeal of the Commissioner of the Social Security Administration's final decision denying an application for Disability Insurance Benefits; and the Court having considered all submissions of the parties, and for the reasons set forth in the above memorandum;

IT IS on this 10th day of November, 2015

ORDERED that the final decision of the Commissioner of Social Security is affirmed. The case is closed.

_____
PETER G. SHERIDAN, U.S.D.J.